UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2020

BARRY SINGLETON,

                              Plaintiff,

    -v-

UNITED TEAMSTER PENSION FUND-A,

                              Defendant.

No. 18-cv-8044 (MKV)
ORDER OF DISMISSAL

MARY KAY VYSKOCIL, District Judge:

      Pending before the Court is the motion of Defendant United Teamster Pension Fund-A ("the Fund") for summary judgment in this case [ECF #37, 38, 38-1 ("Def. 56.1"), 39, 40].[1] Plaintiff Barry Singleton initiated this action by filing a complaint on September 4, 2018, asserting a claim to recover benefits from the Fund pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) [ECF #1]. He seeks service credit, and an increased pension benefit, for work that he alleges he performed for Kornblum & Co., Inc. ("Kornblum") from 1984 through 1988.[2] After granting Singleton several hearings, the Fund's Board of Trustees denied his claim for additional service credit because: the Fund's records did not reflect any service by Singleton from 1984 through 1988; records provided by Local 202 indicated that he was not initiated into Local 202 until October 31, 1990; Singleton's Social Security earnings records did not reflect any earnings from Kornblum from 1984 through 1988; and Singleton offered only affidavits

---

[1] As explained below, Singleton has not filed a response in opposition to the Fund's Motion for Summary Judgment, therefore, the facts in the Fund's 56.1 Statement are deemed admitted. *See Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).

[2] Under the terms of its collective bargaining agreement with Teamster Local Union No. 202 ("Local 202"), Kornblum was obligated to remit contributions to the Fund on behalf of employees who were members of the collective bargaining unit. Def. 56.1 ¶3.

stating that the affiants "recall[ed]" that Singleton was employed by Kornblum from 1984 through 1988 but said nothing about whether it was the kind of employment for which Kornblum was required under its collective bargaining agreement to contribute to the Fund on Singleton's behalf.  *See* Def. 56.1 ¶¶ 3–22.

The Fund filed a motion to dismiss Singleton's complaint, pursuant to Rule 12(b)(b) of the Federal Rules of Civil Procedure, for failure to state a claim on November 2, 2018 [ECF #7, 8, 9], but Singleton failed timely to respond to that motion.  In a letter dated February 21, 2019, the Fund urged the Court to grant its motion to dismiss for failure to state a claim or to dismiss this action, pursuant to Rule 41(b), for failure to prosecute [ECF #18].  The Fund explained that Singleton's counsel originally informed the Fund's counsel that he intended to file an amended complaint by December 19, 2018, although Singleton "failed to properly inform the Court of this" intention.  Then, at the Initial Pretrial Conference on December 14, 2018, "it was agreed that the amended complaint would be filed by January 14, 2019," and that "date was placed into the Scheduling Order."  Singleton, however, ignored that Scheduling Order [*see* ECF #15, 19].  In an Order dated February 22, 2019, the Court admonished Singleton that, if he failed to take action by March 1, 2019, his case might be "dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)" [ECF #19].

Singleton filed an amended complaint on March 1, 2019 [ECF #20], and the Fund timely answered [ECF #22].  The Fund later filed a motion for summary judgment on September 12, 2019 [ECF #37, 38, 39, 40].  More than a year has elapsed, and Singleton has never responded to the Fund's motion for summary judgment, notwithstanding that the Court has repeatedly granted Singleton extensions of time to file his response and warned him that failure to do so might result in dismissal of his case [*see* ECF #51, 54, 55, 62, 64].

In an Order dated February 3, 2020, Magistrate Judge Fox explained that Singleton had ignored the Court's Order directing him to respond by January 21, 2020 [ECF #55]. He directed Singleton to file his response by February 6, 2020 and admonished him that "failure to comply with a court order may result in sanctions, including the dismissal of an action." However, Singleton did not respond to the Fund's motion for summary judgment, or take any other action, by February 6, 2020. Instead, on February 7, 2020, Singleton filed a letter requesting a conference about a supposed issue with discovery, which Magistrate Judge Fox denied [*see* ECF #57, 58, 60]. Singleton did not thereafter file a response to the motion for summary judgment, nor did he request a further extension of time to file his response. In a letter dated February 14, 2020, the Fund urged the Court to deem its statement of material facts admitted and grant its unopposed motion for summary judgment [ECF #61]. Singleton did not respond to that letter, nor did he take any other action to prosecute his case for more than seven months.

On September 18, 2020, the Court issued an Order To Show Cause why, in the light of Singleton's failures to prosecute his case and comply with court orders, his case should not be dismissed pursuant to Rule 41(b) [ECF #62]. The Court directed Singleton to respond by September 23, 2020, showing cause why the Fund's motion for summary judgment should not be granted. The Court further ordered Singleton's counsel to file a letter, by the same date, showing cause why he should not be sanctioned for failure to comply with court orders. On September 23, 2020, Singleton's counsel filed a letter requesting an extension of time, until September 30, 2020, to respond [ECF #63]. He explained that he had recently experienced health problems and the loss of a member of his family. In an Order dated September 24, 2020, the Court granted an extension of time until September 30, 2020 at 3:00 pm [ECF #64]. The Court explained that, although it was sorry to learn of counsel's recent difficulties, they might not explain all of the

3

failures to prosecute and comply with court orders over the life of this case.  The Court admonished Singleton that he is ultimately responsible for prosecuting his case, which may be dismissed because of his chosen counsel's conduct.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962).  The September 30, 2020 deadline has passed, but Singleton has not filed a letter showing cause why his case should not be dismissed pursuant to Rule 41(b), nor has Singleton responded to the Fund's motion for summary judgment, nor has counsel filed a letter showing cause why he should not be sanctioned.

Although the text of Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action," and the Fund has not renewed its earlier request that the Court dismiss this case for failure to prosecute [*see* ECF #18], "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte*."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).  Indeed, a "district court 'has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders,'" including by dismissal.  *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (quoting *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002)); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (explaining that a district court's power to dismiss an action, codified in the Federal Rules of Civil Procedure, is an inherent power)).

The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to "weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to

4

be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court finds that the first four *Lucas* factors clearly weigh in favor of dismissal. The first *Lucas* factor weighs in favor of dismissal because Singleton's failures to prosecute his case and comply with court orders began in 2018, and he has repeatedly failed to comply with orders directing him to respond to the Fund's motion for summary judgment since December 2019. *See Mitchell*, 708 F.3d at 468 (finding that the first *Lucas* factor weighed in favor of dismissal where "instances of noncompliance occurred throughout" the life of the case). The second factor weighs in favor of dismissal because Singleton was repeatedly warned that this conduct could result in dismissal [ECF #19, 55, 62, 64]. The third and fourth factors also weigh in favor of dismissal. The Court has granted Singleton multiple extensions of time to respond to the Fund's motion for summary judgment [ECF #51, 54, 55, 64], and the Fund has expended resources responding to his delay tactics and seeking resolution of the case against it [ECF #56, 58, 61; Minute Entry for proceedings held on November 5, 2019]. *See id.* ("further delays would continue to waste the time and resources" of the defendant, and "the court has a clear need to manage its docket").

The fifth factor—whether the court has considered lesser sanctions—also weighs in favor of dismissal. The Court is mindful that Rule 41(b) dismissal is "the harshest of sanctions," *Baptiste*, 768 F.3d at 217 (quoting *Mitchell*, 708 F.3d at 467), and has "has harsh consequences for clients" who rely on counsel to help them prosecute their case, *id.* (quoting *LeSane*, 239 F.3d at 209). However, the Court has not only threatened to sanction counsel personally, but also warned Singleton to no avail that his case could be dismissed because of his counsel's conduct

[ECF #64].  Singleton was ultimately responsible for prosecuting this case, even if his chosen counsel was unable to assist him.  *See Link*, 370 U.S. at 626.

Accordingly, IT IS HEREBY ORDERED that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Date:  September 30, 2020          **MARY KAY VYSKOCIL**
New York, NY                       **United States District Judge**